IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OHIO

| | |
|---|---|
| **SIERRA RANKIN** <br> 1588 Pleasant Run Drive <br> Cincinnati, Ohio 45240, <br><br> **Plaintiff,** <br><br> -vs- <br><br> **KATIE M. DOYLE, MS, CWP** <br> 2721 Laurelwood Court <br> Beavercreek, Ohio 45431-8571, <br><br> and <br><br> **VARIOUS ABC AGENCIES** and <br> **VARIOUS ABC CORPORATIONS,** <br><br> and <br><br> **VARIOUS JOHN DOES and JANE DOES,** <br><br> **Defendant.** | : <br> : <br> : **CASE NO.** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

---

VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON

---

Plaintiff, by her attorney, F. Harrison Green, of the Green Law Firm LPA, complaining of the Defendants, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to secure protection of and redress deprivation of rights, privileges, immunities secured by the Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress

of deprivation of rights under color of law: 42 USC §1988, providing for the protection of all persons and their civil rights based upon defendant supervisory employer's discriminatory treatment of plaintiff because of her sex, education, race creating a hostile work environment.

## JURISDICTION AND VENUE

2. This action is sought by Plaintiff who is a citizen of the State of Ohio against Defendants doing business in the State of Ohio.

3. This action arises under the Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq., FMLA, 22 U.S.C. §2601, et. seq.) and the principle of pendent jurisdiction.

4. This action also includes state law violations of negligent infliction of emotional distress.

5. This matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

6. Venue is proper in the district pursuant to 28 USC §1391(b), because during relevant times, Defendants were presiding or had agents or transacted their illegal conduct in this district. Venue is also appropriate in this district because this is the judicial district in which the claims arose.

7. The acts constitute a violation of federal, state, and common law complained of herein have occurred and unless restrained and enjoined or otherwise redressed will continue in the Southern District of Ohio.

## PARTIES

8. During all times mentioned in this Complaint, Plaintiff Sierra Rankin was, and is, an individual adult citizen of the United States residing at 1588 Pleasant Run Drive, Cincinnati, Ohio 45240.

8. At the time of the events described herein, Defendant Katie M. Doyle was a civilian employee at the Wright Patterson Air Force Base in Fairborn, Ohio.

9. During all times mentioned in this Complaint, Defendant Katie M. Doyle of Beavercreek, Ohio, is being sued in her organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in damages suffered by the Plaintiff. Defendant Katie M. Doyle has a principal place of business located at Wrigth Patterson Air Force Base, 5435 Hemlock Street, Fairborn, Ohio 45433.

10. During all times mentioned in this Complaint, the Defendant Various Agencies, Various Corporations and Various John Does and Jane Does of Fairborn, Ohio are being sued in their organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff. Defendants have a principal place of business located at Wrigth Patterson Air Force Base, 5435 Hemlock Street, Fairborn, Ohio 45433.

## ADMINISTRATIVE COMPLIANCE

11. On or about May 18, 2023, Plaintiff Sierra Rankin filed charges of Discrimination against Katie Doyle of Wrigth Patterson Air Force Base with the Federal Equal Employment Opportunity commission (EEOC). A copy of the Notice is attached hereto as Exhibit A and incorporated herein by reference.

12. On or about June 13, 2023, Plaintiff Sierra Rankin receded a "Notice of Suit Rights" from the EEOC. Attached hereto as Exhibit B and incorporated herein by reference is a true and accurate copy of the Notice.

## STATEMENT OF FACTS AS TO PLAINTIFF SIERRA RANKIN

13. Plaintiff Sierra Rankin was hired as a contract employee at the Wright Patterson Air Force Base through Millenium contract as an Associate Program Manager for the CHIPS Program through Millennium Health & Fitness, Inc.

14 As the Associate Program Manager, Sierra Rankin's direct supervisor was the Program manager and located at another base while Katie Doyle oversaw the entire program at all bases. The Program Manager assistant assisted Katie Doyle and the Program Manager with pulling reports but was considered a position under Plaintiff's in the management hierarchy structure chart. Plaintiff was informed by the Program Manager that Katie Doyle wanted Plaintiff to go to her with any questions and to send report to her as if Plaintiff was her subordinate. In Plaintiff's initial conversation with the Program Manager Assistant questioned plaintiff abut her credentials as if the Program Manager Assistant wanted to know if Plaintiff was qualified for the position.

15. Plaintiff requested, on a continuous basis, an update on the training and how long Plaintiff would be working in the CHIPS office on base. When hired Plaintiff was advised that all of management worked remotely except for one (1) day a week; however, for the first thirty (30) days Plaintiff would be on base to learn what the Health Promotion Coordinator and Specialist did. Plaintiff started the position in March 2022 and was working onsite until she was removed from the contract in July 2023.

16. Plaintiff was repeatedly given an excuse as to why her training was pushed back and she needed to stay on base.

17. Katie Doyle had a conversation with Plaintiff at the beginning of July about the current climate at the CHIPS office on base, the current Health Promotion Coordinator that had resigned, the specialist at the office and working virtually. In the conversation Katie Doyle reiterated that management only worked one (1) day a week on base and four (4) days remotely (Tuesday was the designated day on base due to a weekly recurring meeting.). Katie Doyle informed Plaintiff that there was a delay in Plaintiff moving to telework because of the issues at the CHIPS site but Katie Doyle and the Program Manger had been working on creating a timeline to transition Plaintiff to virtual work. Plaintiff informed Defendant that the Program Manger mentioned to Plaintiff that they were looking for Plaintiff to work three (3) days virtually and two (2) days on base, one (1) day at headquarters with management and one (1) day at the CHIPS site to oversee the Health Promotion Coordinator and Specialist.

18. Plaintiff was informed that due to the Health Promotion Coordinator resigning she may need to handle those responsibilities (a position that reported to Plaintiff's then current position) until the position was filled with no timeframe given. Plaintiff was informed that one of the specialists (a Caucasian employee) was interviewing for the position but that Ms. Doyle nor the Program Manager wanted her in that position and for Plaintiff to attempt to get the site back on track. The team had been ("fudging" their report data to make their participation numbers higher than they were due to them having a poor recording system in place.) Plaintiff reached out to the Health Promotion Coordinator trainer, who Ms. Doyle raved about being such an asset to the program, for guidance and templates to start the process. After informing the CHIPS team (all Caucasian employees) about some of the reporting changes that were going to be implemented, Plaintiff was advised that the specialist she had previously advised would not get the position, had not only been given the interim position but that she would be "closely monitored" by the Program Manager and not Plaintiff. This completely undermined Plaintiff's position and the changes she had implemented.

19. Plaintiff was directed to attend onsite events with the specialist as though she was her counterpart instead of management. To the extent that the new specialist that was hired while Plaintiff was there had no idea that Plaintiff was management. The "fudging" of the numbers was overlooked and Plaintiff was made to feel as though her management position and her, as an individual, was not respected.

20. After being hired for the position, Plaintiff found out that she was pregnant. Plaintiff informed management about this and was told that this would not be an issue. Plaintiff promptly had her physician complete FMLA paperwork due to her pregnancy being extremely high risk. During the time that Plaintiff was pregnant, and, in the position, Plaintiff only interacted with Katie Doyle a handful of times but always felt uncomfortable around her. Katie Doyle's demeanor and conversation seemed very cold and uneasy unlike her interactions with the Program Manager Assistant. During this time Plaintiff's work performance was praised by the Program Manager and the other Associate Program Manager verbally and in her performance reviews.

21. After a couple of months, Plaintiff was informed that her telework transition would be starting within a week or so. The following week on 07/26/2022 Plaintiff had had several issues arise with her pregnancy that caused her to turn in documentation from her physician requesting that she work remotely and on 07/27/2022 Plaintiff was informed that per Ms. Doyle's request she was being removed from the contract with no explanation as to why. Ms. Doyle has intentionally given the Caucasian employee better work accommodation over Plaintiff even though all management were supposed to receive the same.

## FIRST CAUSE OF ACTION

(Title VII and §1982(a) Sex Discrimination)

22. Plaintiff Rankin re-alleges paragraphs one through twenty-one as if fully re-written herein.

23. Plaintiff Rankin is a female. Plaintiff had all the necessary physical and mental capabilities to be successfully perform her position.

24. During the relevant time periods, plaintiff did make serious efforts to perform her position as Associate Program Manager for the CHIPS program but was systematically denied her position when her superiors retaliated against her during the course of her pregnancy.

25. Defendant Doyle's sexually discriminatory conduct was based upon the fact that Plaintiff Rankin is a female, was pregnant at the time and constituted unlawful sex discrimination.

26. Defendant Doyle did nothing to remedy the complaints that had been made regarding a hostile work environment by reason of the conduct exhibited towards plaintiff.

27. Defendant Doyle's sexual discrimination has deprived Plaintiff Rankin of equal employment opportunities in violation of 42 U.S.C. §2000e-2, §2000e-5 and U.S.C. §1981(a).

28. At all times material herein, Defendant Doyle has acted with malice toward plaintiff and with reckless indifference to plaintiff's rights.

29. As a proximate result of Defendant Doyle's sexual discrimination, Plaintiff Rankin has been and is now being deprived of income in the form of wages and other fringe benefits, including pension rights, for which defendants are liable, in an amount to be proven at trial.

30. As a further and proximate result of Defendant Doyle's sexual discrimination, Plaintiff Rankin has suffered emotional distress, humiliation, embarrassment, and mental anguish, for which defendants are liable.

## SECOND CAUSE OF ACTION
(Negligent infliction of emotional distress)

31 Plaintiff reasserts the allegations in paragraph one through thirty as if fully rewritten herein.

32. The Defendants engaged in the conduct described above recklessly or with the intent of causing the Plaintiff severe emotional distress.

33. During the time of employment in 2022 and subsequently, Defendants, acting under their authority, made the above statements recklessly about Plaintiff.

34. The Defendants engaged in the conduct described above recklessly or with the intent of causing the Plaintiff severe emotional distress.

35. The conduct of the Defendants was extreme and outrageous.

36. The Plaintiff incurred severe emotional distress as a result of the Defendant's conduct.

## THIRD CAUSE OF ACTION
(Pursuant to FMLA, 22 U.S.C. §2601, et. seq.)

37. Plaintiff reasserts the allegations in paragraph one through thirty-six as if fully rewritten herein.

38. As a direct and proximate result of Defendants policies, procedures and practices alleged herein, the rights of the Plaintiff were being interfered with and denied and violation of FMLA.

39. Defendants have caused (1) created policies to frustrate and make it more difficult for Plaintiff to seek FMLA leave; (2) created policies to directly retaliate against Plaintiff for taking qualified FMLA for her pregnancy for her work and her involuntary over-time work; and (3) treated Plaintiff when she seeks FMLA leave as delinquent and scofflaw and must be disciplined and thus requiring FMLA request directly to the supervisor.

40. Plaintiff Rankin is entitled to declaratory judgment declaring that the employment policies, practices, and procedures adopted and implemented by Defendants apply to and govern Plaintiff's request for intermittent FMLA leave as alleged herein, are unlawful and in violation FMLA.

41. Unless injunctive relief is granted Plaintiff who was otherwise eligible for FMLA rights, benefits and protections has irreparably harmed by Defendants continued refusal to comply with statutory obligations.

## FOURTH CAUSE OF ACTION

(Infliction of emotional distress State Law claim)

42. Plaintiff reasserts the allegations in paragraph one through forty-one as if fully rewritten herein.

43. Defendant knew or should have known that her actions, mainly abusing Plaintiff's FMLA leave would cause emotional distress.

44. Defendant's conduct was extreme and outrageous considering Plaintiff was pregnant at the time of her complaints and seeking FMLA. Defendants further abused her FMLA leave and caused the Plaintiff would not be able to perform her duties effectively at home and caused her to have additional mandatory overtime beyond the balance of decency and reasonableness.

45. Plaintiff has suffered financial losses resulting in mental anguish. Plaintiff was forced to find another position suitable for her circumstances.

46. Defendant knew or should have known that placing Plaintiff in a position that caused issues regarding her pregnancy, put her in a position that caused her to be seen in a negative light with Defendant by criticizing her work related to the issues of her pregnancy.

47. Such conduct by the Defendant was outside the bounds of decency and would be considered extreme, outrageous, and intolerable in a civilized community.

## PUNITIVE DAMAGES

48. By reason of the wanton, unrepentant reckless and egregious conduct of the Defendant herein above Plaintiff claims punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court grant the following relief:

1. Issue an order of injunction in joining Defendant from interfering with and retaliating against Plaintiff when requesting FMLA leave and further in joining Defendant from a pattern of practice of discriminatory disciplinary measures against Plaintiff.

2. An award against Defendant for Plaintiff's damages in all causes of action herein along with interest and cost thereon. for be awarded compensatory and special damages from Defendants Michael E. Morken, Brian R. Drummy and Bunger & Robertson in the first and second causes of action.

3. An award against Defendant for punitive damages and exemplary damages in the amount of $1,000,000.00.

4. Plaintiff prays this Court grant any and all further relief equitable and at law to which she may be found to be fair, equitable and appropriate including attorney's fees in the cost of this action.

Respectfully submitted,

THE GREEN LAW FIRM L.P.A., INC.

*/s/ F. Harrison Green*
F. Harrison Green, Trial Attorney for
Plaintiff Sierra Rankin
Ohio Supreme Court Reg. #0039234
4015 Executive Park Drive, Suite 230
Cincinnati, Ohio 45241
(513) 769-0840
FAX (513) 563-2953
fhgreen@thegreenlawfirm.org

## JURY DEMAND

It is hereby demanded by Plaintiff Sierra Rankin that this matter be tried before a jury of her peers.

/s/ *F. Harrison Green*
F. Harrison Green, Trial Attorney for
Plaintiff Sierra Rankin

## **VERIFICATION**

STATE OF OHIO }
 } ss:
COUNTY OF HAMILTON }

I, Sierra Rankin, state that I am authorized in the premises, have read the foregoing complaint and the alleged facts to be true to the best of my knowledge and belief.

_____
Sierra Rankin

Sworn to before me and subscribed in my presence this the ___ day of _____ 2023.

_____
Notary Public